# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JEFF SLOAN**                                                                **PLAINTIFF**

**v.**                                           **CAUSE NO. 1:21-cv-86-LG-MTP**

**MEMORIAL HOSPITAL AT**
**GULFPORT**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** are a [15] Motion for Leave to File Amended Complaint and a [17] Motion for Reconsideration, both filed by Plaintiff, Jeff Sloan. Defendant filed a [19] Response to the Motions, to which Plaintiff filed a belated [21] Reply. After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that both motions should be denied.

## BACKGROUND

On February 9, 2021, Plaintiff, Jeff Sloan, sued Defendant, Memorial Hospital at Gulfport, for alleged age discrimination in violation of the Age Discrimination in Employment Act (ADEA). (*See* Compl., ECF No. 1-1). Plaintiff, aged 59 at the relevant time, alleged that "[o]n or about April 30, 2020 [he] was told that he was being terminated and that his position was being given to an employee in their 40's." (*Id.* ¶ 5). Plaintiff alleged that he "was a good employee" and had no history of reprimand or misconduct; "[a]ge is the only apparent factor in the Defendant's decision" to terminate him. (*Id.*).

After filing a Charge of Discrimination with the Equal Employment

Opportunity Commission (EEOC) on November 6, 2020, Plaintiff "received his right to sue letter on November 9, 2020." (*Id.* ¶ 7). Thereafter, Plaintiff instituted this action in the Circuit Court of Stone County, Mississippi on February 9, 2021. (*Id.*). Defendant removed the lawsuit to this Court on March 24, 2021. (*See generally* Not. Removal, ECF No. 1).

On March 26, 2021, Defendant filed a [2] Motion to Dismiss, arguing that the lawsuit is time-barred by a 90-day statute of limitations, which was granted by the Court. (*See* Mem. Opinion & Order, ECF No. 13). Thereafter, on June 7, 2021, Plaintiff [17] moved the Court to reconsider its decision. Plaintiff also filed a [15] Motion for Leave to File an Amended Complaint. Defendant filed a [19] Response to the Motions and Plaintiff a belated [21] Reply. The issues are now ripe for disposition by the Court.

## DISCUSSION

### I. Motion for Reconsideration

"A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within twenty-eight days after the original judgment." *Steward v. City of New Orleans*, 537 F. App'x 552, 554 (5th Cir. 2013). Plaintiff's Motion to Reconsider was filed on June 7, 2021, which is eleven days after the Court's judgment on May 27, 2021. Therefore, the Court applies Rule 59(e) in resolution of the Motion.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered

evidence." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). The Fifth Circuit has provided the following guidance for considering Rule 59(e) motions:

> A Rule 59(e) motion calls into question the correctness of a judgment. . . . This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . . Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations and quotation marks omitted). The Fifth Circuit has instructed district courts considering Rule 59(e) Motions "to strike the proper balance between [two] competing interests"; these are (1) "the need to bring litigation to an end" and (2) "the need to render just decisions on the basis of all the facts." *Id.* at 479 (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)). Accordingly, the Court will consider these interests in its decision.

By [13] Memorandum Opinion and Order dated May 27, 2021, the Court dismissed Plaintiff's ADEA lawsuit as time-barred under the applicable statute of limitations. The Court applied settled law that "the statute of limitations for an age discrimination action is 90 days after receipt of a notice that a charge filed with the EEOC has been dismissed or otherwise terminated." *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (citing 29 U.S.C. § 626(e)); *Salmonson v. Petro-Marine Eng'g, Inc.*, 127 F.3d 35, 35 (5th Cir. 1997) ("The law is settled in this Circuit that the 90-day limitations period defined in § 626(e) of the federal

ADEA is the exclusive limitations period applicable to ADEA claims."). Plaintiff's Complaint, which alleged his receipt of the relevant letter on November 9, 2020 (Compl., ¶ 7, ECF No. 1-1), was filed on February 9, 2021, two days too late, and was therefore found untimely.

In response, Plaintiff invoked the "mailbox rule" and argued that the court should disregard the alleged date of receipt and instead "apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't.*, 784 F.3d 263, 267 (5th Cir. 2015). However, the Court observed that this rule only applies "where the date of receipt is not known." *Id.* "[T]he receipt date is neither disputed nor unknown" where Plaintiff alleges "that he received copies of the Notices on" a given date. *See Lee v. Wal-Mart, Inc.*, Civ. No. H-05-3406, 2006 WL 925122, at *3 (S.D. Tex. Apr. 10, 2006). Because Plaintiff alleged receipt on November 9, 2020, the mailbox rule is inapplicable.

On reconsideration, Plaintiff raises the same argument.[1] ). Based on the alleged impossibility, Plaintiff seeks to amend his Complaint "to read something to the effect of 'The EEOC issued the right to sue notice on or about November 9, 2020." (Mem. Supp. Pl.'s Consol. Mot. Reconsider, 2, ECF No. 18). Such an amendment would allow "the matter [to] proceed on the merits and not a technicality." (*Id.*).

---

[1] "The Court faults the Plaintiff's Complaint for saying that the right to sue notice was received on November 9, 2020—which is impossible because that is the day the notice was mailed by the EEOC." (Mem. Supp. Pl.'s Consol. Mot. Reconsider, 2, ECF No. 18). "The mail would take at least one day, and the Courts assume that the mail takes 3 days." (*Id.* at 5).

Plaintiff's Motion for Reconsideration, like his previous briefing, is again predicated on the mailbox rule. Rule 59(e) Motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. As the Court previously stated, the mailbox rule is only applicable where the plaintiff "has failed to allege the specific date for which he actually received the right-to-sue letter and the date the letter was received is unknown." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002). The mailbox rule remains inapposite, as Plaintiff distinctly alleged receipt on November 9, 2020.

Neither is Plaintiff's allegation impossible. Other courts in the Fifth Circuit have held that the electronic receipt of the relevant material begins the 90-day statute of limitations. *See, e.g., Boyd v. Monroe City Hall*, No. 3:20CV1473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that "the EEOC notice of right to sue was transmitted to Plaintiff by email on August 17, 2020, and he had ninety days from then, until November 15, 2020, to file suit," even where the email was deposited in the plaintiff's spam folder); *see also Stewart v. Johnson*, 125 F. Supp. 3d 554, 560 (M.D.N.C. 2015) (holding that "[f]inal agency decisions transmitted via email can satisfy the notice requirement," even where a duplicate was later received in the mail).[2] Therefore, the Court cannot disregard Plaintiff's allegation of receipt

---

[2] As noted in its previous [13] Order, the Court again notes that Defendant submitted an "Activity Log" showing that the EEOC uploaded the relevant document to its online portal on November 9, 2020, at 08:10 for instantaneous receipt by Plaintiff. (*See* Activity Log, 3, ECF No. 12-1). However, the Court did not regard this evidence on a Rule 12(b)(6) Motion to Dismiss; it instead relied

on November 9, 2020, based on the supposition that instantaneous receipt is impossible. Under the circumstances the Court declines to grant the "extraordinary remedy" of Rule 59 reconsideration.[3]

## II. Motion to Amend

In his other post-judgment [15] Motion, Plaintiff seeks leave to amend his Complaint to allege "something to the effect of 'The EEOC issued the right to sue notice on or about November 9, 2020.'" (Mem. Supp. Pl.'s Consol. Mot. Reconsider & Mot. Leave to File Am. Compl., 6, ECF No. 16). Motions to amend are governed by Rule 15(a).[4] "'Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60.'" *Heimlich v. Harris Cty., Tex.*, 81 F. App'x 816 (5th Cir. 2003) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000)). "In cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" *Heimlich*, 81 F.

---

exclusively on Plaintiff's specific allegation of receipt.

[3] The Court also declines to amend its judgment to change dismissal to "without prejudice." *See Simmons v. Rothe Dev., Inc.*, 132 F.3d 1456 (5th Cir. 1997) (holding that "[t]he district court properly dismissed the plaintiffs' Title VII claims with prejudice" where the plaintiff failed to meet a 90-day filing period after receiving a right-to-sue letter from the EEOC).

[4] In determining whether to grant leave to amend under Rule 15(a), "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (alteration in original) (citations omitted).

App'x at 816 (quoting *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995)).

Here, the Court denied Plaintiff's Motion to Reconsider under Rule 59(a) and upheld the final judgment. The Motion to Reconsider merely rehashed dubious arguments advanced in Plaintiff's original responsive briefing. Plaintiff seeks to substantively revise the allegation (and his position) in response to the judgment, not merely correct a typographical or phraseological error, based on reasons already rejected by the Court. For these reasons, the Motion to Amend must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15] Motion for Leave to File Amended Complaint filed by Plaintiff Jeff Sloan is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [17] Motion for Reconsideration filed by Plaintiff Jeff Sloan is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE